1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICHOLAS COOPER, *et al.*,

             Plaintiffs,

   v.

AGRIFY CORPORATION,

             Defendant.

CASE NO. 2:21-cv-00061-RSL-JRC

ORDER DENYING DEFENDANT'S MOTION

     This matter is before the Court on referral from the District Court (Dkt. 9) pursuant to 28 U.S.C. § 636 (b)(1)(A)–(B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4, and on defendant's motion to stay district court proceedings and compel arbitration. Dkt. 36.

     Almost two months after its motion to dismiss was denied in part by the District Court, defendant seeks to raise the same arguments regarding the arbitration of certain claims brought by plaintiff Weinstein and argues that the District Court misapplied case law in denying the motion to dismiss. However, defendant had fourteen days—by way of a motion for reconsideration—to address the District Court's order if it thought the Court committed an error.

It cannot circumvent the procedural requirements of a motion for reconsideration by styling its motion as a motion to compel arbitration. Therefore, the Court denies defendant's motion as an untimely motion for reconsideration.

## BACKGROUND

Plaintiffs initiated this matter in January 2021. Dkt. 1. On March 10, 2021, defendant filed a motion to dismiss plaintiffs' entire complaint, including the seventh, eighth, ninth, thirteenth, and fourteenth causes of action brought by plaintiff Weinstein. Dkt. 12, at 22–30. On May 12, 2021, the undersigned recommended, among other things, that those claims be dismissed because they were subject to arbitration. *See* Dkt. 19, at 10. On July 27, 2021, the District Court declined to adopt that part of the report and recommendation and concluded that "the record lacks clear and unmistakable evidence of a mutual intent to arbitrate arbitrability." Dkt. 25, at 2. On September 16, 2021, defendant filed the present motion to stay proceedings and compel arbitration regarding the seventh, eighth, ninth, thirteenth, and fourteenth causes of action. Dkt. 36. Defendant again argues that the Court "must compel arbitration of the Arbitrable Claims, including any issues as to their arbitrability." Dkt. 36, at 9. The motion has been fully briefed. *See* Dkt. 36, 39, 41.

## DISCUSSION

In his response, plaintiff argues that defendant's present motion operates as an untimely motion for reconsideration of the District Court's order. *See* Dkt. 39, at 8–9. Pursuant to Local Court Rule 7(h)(2), defendant had fourteen days after the District Court's order to file a motion for reconsideration, which it did not do. Fifty-two days later, defendant filed his present motion and argues that the District Court's order was "inconsistent with binding Ninth Circuit case law .

. . ." Dkt. 36, at 9. These types of arguments are consistent with a motion for reconsideration and should have been brought as such. *See* LCR 7(h)(1).

Despite dedicating a significant portion of its motion addressing the District Court's order, defendant argues that its present motion should not be construed as a motion for reconsideration because the motion to dismiss did not seek to compel arbitration. *See* Dkt. 41, at 5–7. But in its motion to dismiss, defendant specifically stated that plaintiff's claims "should be dismissed based on the arbitration provision in the Weinstein Release" and that "arbitration is the exclusive forum" for the claims Dkt. 12, at 23–24, 26, 30. Defendant also argues that it did not "mention compelling arbitration of such claims" in its motion to dismiss. Dkt. 41, at 5. However, in a parenthetical, defendant specifically stated that the Court "must order the parties to proceed to arbitration in accordance with the terms of their agreement if it requires arbitration." *Id.* (citing *Stuchiner v. Sedona Oil & Gas Corp.*, Case No. C06-5639-RJB, 2007 WL 215857, at *2 (W.D. Wash. Jan. 25, 2007)). Therefore, the relief defendant sought in its motion to dismiss is the same as the relief it now seeks.

If defendant believed the District Court made an error in its order, defendant could have filed a timely motion for reconsideration. Defendant cannot do so now.

## CONCLUSION

Based on the foregoing, defendant's motion (Dkt. 36), construed as an untimely motion for reconsideration, is denied.

Dated this 9th day of November, 2021.

J. Richard Creatura
Chief United States Magistrate Judge